Dear Mr. Kling:
The State Bond Commission has several questions regarding Executive Order No. KBB 2004-21 and KBB 2005-12. Both of these orders pertain to bond allocation procedures. The Internal Revenue Code restricts the total principal amount of certain private activity bonds for federal income tax purposes. This includes the bonds allocated for non-governmental use that may be issued within the state during each calendar year. The allocation amount is capped based upon the population of the state. The two orders are essentially the same with the latter order being issued to reflect a modification in the calculation of the cap. Your questions concern the handling of the escrow deposit.
An escrow of deposit $7,500 is made by all issuers who apply for allocations. Section 4 of KBB 2005-12 sets forth the information required for all applications. Section 4A7 provides as follows:
 Either (1) a bond purchase agreement or other written commitment to purchase the Bonds for which an allocation is requested, executed by one or more purchasers, setting forth in detail the principal and interest payment provisions and the security for the Bonds, accepted by the issuer or the beneficiary of the Bonds; (2) in the case of a public offering of the Bonds for which the allocation from the ceiling is requested, a binding bond purchase or underwriting agreement obligating the underwriter or underwriters to sell or purchase the Bonds within ninety (90) days of the receipt of an allocation, setting forth in detail the proposed principal and interest payment provisions and the security for the Bonds, accepted by the issuer or the beneficiary of the Bonds; or (3) a $7,500 escrow deposit which will be forfeited in the event the Bonds for which an allocation is granted are not delivered prior to the expiration of such allocation as provided in Section 4(E). The $7,500 escrow deposit shall be returned to the party depositing the same without interest upon the substitution of the *Page 2 items described in (1) or (2), supra, or delivery of the Bonds within the allocation period. In the event that such Bonds are not delivered within the allocation period, the deposit shall be forfeited and deposited in the State Treasury, unless the failure to deliver such Bonds is the result of the Louisiana State Bond Commission denying approval of such Bonds, in which case the deposit shall be returned to the party depositing same, without interest; (Emphasis added).
You question whether or not an applicant forfeits this deposit if it provides a bond agreement, written commitment to purchase the bonds, binding bond purchase or underwriting agreement as a substitute but it does not deliver the bonds within the specified allocation period. It is our opinion that the applicant does not forfeit the deposit in that instance. The language is clear thatupon substitution of a bond purchase agreement or other written commitment to purchase the bond or a binding bond purchase or underwriting agreement the $7,500 escrow deposit shall be returned. This language is mandatory. Thus, upon substituting one of the other items for the deposit, the deposit must be returned. The language in the order specifies that in the event the bonds are not delivered within the allocation period the deposit shall be forfeited and deposited in the State Treasury. It is our opinion that this forfeiture applies only when there is a deposit. That is, if the deposit is substituted with one of the other items listed in the order, the deposit is returned and therefore, there is no deposit to forfeit.
You next question whether or not the escrow deposit is forfeited in the event the Governor does not authorize a requested allocation. The executive order does not address this situation. It is our opinion that the deposit is not forfeited in that instance. An escrow deposit, by definition, is money held in trust by a third party to be turned over to a grantee upon fulfillment of a condition.[1] Thus, an applicant is required to provide this deposit in anticipation of an allocation. The only reference to a forfeiture of the deposit is in the event that the bonds are not delivered within the allocation period. This implies that an allocation is granted.
You next question how to classify an escrow deposit that is forfeited. Neither of the executive orders provide for a specific classification. They merely state that upon forfeiture the escrow deposit shall be deposited in the State Treasury.
You last question if the Bond Commission may carry forward an applicant's escrow deposit who substitutes an approved item for the deposit. In other words, if an applicant requests that the deposit remain in escrow can the State Bond Commission carry it forward into another calendar year for a future application. It is our opinion that the executive order does not allow for such a carry forward. Again, the language in Section *Page 3 
4A7 of the KBB 2005-12 specifically mandates that the $7,500 escrow deposit be returned to the party that deposited it upon the substitution of an approved item. Thus, it is mandatory that the deposit be returned. This clearly indicates that it cannot be carried forward.
We trust that this responds to your request. If you have additional questions or comments, please contact our office.
 Yours very truly,
 CHARLES C. FOTI, JR.
 Attorney General
 BY: ___________________
 TINA VICARI GRANT
 Assistant Attorney General
[1] Webster's Collegiate Dictionary, Tenth Edition.